By the Court :
It is not to be supposed that either the learned judges of the circuit court or counsel for plaintiff in error deny the duty of the court to determine the meaning of a contract into which the parties have entered, or that they regard evidence of usage as competent to vary the unambiguous terms of a contract. Their view appears to be that the trial judge erred in regarding the contract as too clear to be affected by evidence of usage and in giving to it the conclusive effect which required a verdict for the defendant. Attention to the negotiation of the parties seems fully to justify the view of the contract which was taken by the trial judge. The vendor furnished a sample of an 18 gauge sheet and none other. It gave the price of that gauge and none other. The purchaser’s communication of March 17, 1899, was a definite acceptance of the proposition for sheets of that gauge, leaving nothing for future determination or information except *6 the sizes of the required sheets. That communication and the vendor’s letter of March 23d, show that in the minds of both the gauge was fully determined, and that nothing remained to be done except for the purchaser to furnish information as to the sizes required. Nor did the letter of March 27th modify the terms of the contract so definitely settled. By its express terms it was but a compliance with the vendor’s request and the purchaser’s promise to furnish the “sizes” of the sheets desired.

Judgment of the circuit court reversed and that of the common pleas affirvied.

Williams, C. J., Burket, Spear, Davis, Shauck and Price, JJ., concur.